1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                                EASTERN DISTRICT OF CALIFORNIA

10

11   DENNIS CHAN LAI,                        )      1:09-CV-02086 AWI GSA
                                             )
12                                           )      ORDER REGARDING PLAINTIFF'S
                     Plaintiffs,             )      RESPONSE FILED DECEMBER 21, 2009
13                                           )      (Document 5)
              v.                             )
14                                           )      ORDER REGARDING PLAINTIFF'S
     MRS. IPSON, et al.,                     )      MOTION FILED DECEMBER 24, 2009
15                                           )      (Document 6)
                                             )
16                   Defendants.             )
                                             )
17   _____)

18

19          Plaintiff is a federal prisoner proceeding pro se in this civil action.  On December 9,

20   2009, this Court's granted Plaintiff's request to proceed in forma pauperis, and ordered that

21   Plaintiff make monthly payments in an amount not to exceed twenty percent of the preceding

22   month's income credited to his trust account, toward the filing fee obligation of $350.00.  (Doc.

23   4.)

24          On December 21, 2009, this Court received a "Response to Courts [*sic*] Dec. 3, 2009

25   order" and "Motion to Amend Complaint."  (Doc. 5.)  Because this response references this

26   Court's December 3, 2009 order wherein the Court ordered Plaintiff to submit an application to

27

28                                               1

proceed in forma pauperis or to pay the filing fee - and because Plaintiff submitted a motion to proceed in forma pauperis on December 7, 2009 - Plaintiff's "response" as to that issue is DENIED as moot.

With regard to Plaintiff's attempt to amend his complaint to "join" the United States and the Internal Revenue Service (Doc. 5), Plaintiff is advised that the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). The Court will direct the United States Marshal to serve Plaintiff's complaint only after the Court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants. The court has a large number of prisoner civil rights cases pending before it and will screen Plaintiff's complaint in due course. Plaintiff may move to amend his complaint, if appropriate, *after* the complaint filed November 30, 2009, has been screened in accordance with Title 28 of the United States Code section 1915A.

On December 24, 2009, this Court received a "Motion" by Plaintiff wherein he argues for a reduction of the filing fee. (Doc. 6.) For the reasons that follow, Plaintiff's motion is DENIED without prejudice.

Plaintiff asks this Court to reduce the amount of the $350.00 filing fee that he has previously been ordered to pay. (Doc. 4.) However, Plaintiff has not yet provided this Court with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Therefore, Plaintiff's request for a reduction of the filing fee is premature. In the absence of the requested information concerning Plaintiff's prison trust account, the Court will not assess the propriety of any requested reduction.

2

1    While Plaintiff offers a number of "mitigating factors" for this Court's consideration

2   (Doc. 6), the cost of various supplies and commissary items in the absence of specific

3   information concerning the balance of Plaintiff's trust account in the six months preceding the

4   filing of his complaint is irrelevant.   Additionally, Plaintiff's citations to legal authorities wherein

5   filing fees have been reduced are unavailing.   The present posture of Plaintiff's case makes his

6   request premature.   In fact, in *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995), a case cited

7   by Plaintiff, it is noted that the "district court accordingly ordered each plaintiff to pay a partial

8   filing fee *tailored to his financial circumstances*."   *Ibid.*, emphasis added; *see also id.* at 111-112

9   [court reviewed trust account information prior to making its determinations].   This Court has not

10  yet had such an opportunity because Plaintiff has not yet provided the Court with documentation

11  regarding his inmate trust account.   Plaintiff's request is therefore DENIED without prejudice.

12    In the event Plaintiff wishes to renew his request for reduction of the filing fee, Plaintiff

13  should do so only after he has complied with this Court's December 9, 2009, order wherein he

14  was ordered[1] to provide the Court with the relevant documentation.

15

16

17    IT IS SO ORDERED.

18   **Dated:**   **December 29, 2009**   _____**/s/ Gary S. Austin**_____

19                                    UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24   _____

25    [1]"Within thirty [*sic*: sixty] (60) days of the date of service of this order, plaintiff shall

26  submit a certified copy os his/her prison trust account statement for the six-month period
    immediately preceding the filing of the complaint, if plaintiff has not already done so."   (Doc. 4

27  at 2.)

28                                    3