```
1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                       EASTERN DISTRICT OF CALIFORNIA
10
11  DENNIS CHAN LAI,                    )   1:09-CV-02086 AWI GSA
                                        )
12                                      )   FINDINGS AND RECOMMENDATIONS
              Plaintiffs,               )   TO DISMISS COMPLAINT WITHOUT
13                                      )   LEAVE TO AMEND
         v.                             )
14                                      )   (Document 1)
    MRS. IPSON, et al.,                 )
15                                      )
              Defendants.               )
16                                      )
                                        )
17  _____)
18
```

Plaintiff Dennis Chan Lai, appearing pro se and proceeding in forma pampers, filed a complaint on November 30, 2009. (Doc. 1.) Plaintiff named Internal Revenue Service ("IRS") employees Mrs. Ipson and Mr. M. Green as Defendants. In a subsequent pleading filed with the Court, Plaintiff sought to add the United States of America as a named Defendant. (*See* Doc. 5.)

**DISCUSSION**

**A.      *Screening Standard***

Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court has reviewed the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion

1

thereof if it determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Lopez*, at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Id.* A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. *Id.*

**B.**     *Plaintiff's Allegations*

Plaintiff's complaint is nearly incomprehensible. It sprawls twenty-two pages and includes inapplicable case and statutory quotations.[1]

Plaintiff seeks relief for "deliberate indifference" wherein Defendants purportedly discriminated against him in denying him the "President Bush stimulus package," by ignoring Title 26 of the United States Code section 6702 (b)(3), by apparently failing to carry forward a tax credit, and for illegal assessment of tax pursuant to Title 26 of the United States Code section 1346. (Doc. 1 at 1-2, ¶¶ 1-4.) Plaintiff provides a number of separate bases for this Court's jurisdiction. (Doc. 1 at 2-7, Parts A-H.) Under a heading entitled "Cause of Action," Plaintiff provides a nearly incoherent recitation involving numerous subheadings and sub-subheadings. (*See* Doc. 1 at 8-10.) This information is followed by a "Summary" section (Doc. 1 at 10) and "Facts" portion that includes twenty-seven paragraphs. (Doc. 1 at 10-17.)

Plaintiff asserts damages including "Deprivation of liberty interest," another unnamed deprivation of some kind, a number of "impediment[s]," a seizure of assets including "denial of due process" and lost income, an income below the poverty level due to his incarceration, deprivation of his First Amendment rights, a deprivation related to the costs assessed to those incarcerated where the supplies were previously-provided, negligence for unauthorized tax collection, negligence due to Defendants' failure to recognize his exempt status from the necessity of filing a return due to his incarceration, and the financial burden of a levy against his "personal and business property." (Doc. 1 at 17-19.)

Plaintiff seeks relief in the form of $75,000 in "ACTUAL" damages, apparently for Defendants' denial of an "80 to 200 thousand [dollar] carry-over tax credit[]," punitive damages in the sum of $10,000 "accumulating," $10,000 for the denial of the Bush stimulus package, and attorney fees and costs in the total sum of $6,000. (Doc. 1 at 20.) Finally, Plaintiff seeks

---

[1] The pages of the complaint are not numbered, therefore, the Court has sequentially numbered the pages for ease of reference and may also employ any paragraph numbers or subheadings employed by Plaintiff for reference purposes.

summary judgment of his claim pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 1 at 21.)

Plaintiff's complaint does not amount to a series of short and plain statements showing he is entitled to relief. It is rambling and difficult to decipher. The Court also notes that the allegations lack chronological context for the facts asserted span a period of more than twenty years.[2] (*See, e.g.,* Doc. 1 at 5 ["in 1985, IRS seized by illegal warrant"], at 6-7 ["in 1981"], 9 [references from 1982 through 2009], 10-13 [2008 references].)

This Court has liberally construed Plaintiff's complaint to assert causes of action for (1) a violation of Title 28 of the United States Code section 1983; (2) a violation of Title 26 of the United States Code section 6702; as well as (3) a due process violation. The Court now turns to address each cause of action in turn and related matters pertaining to Plaintiff's complaint as a whole.

C.     *Discussion*

*Title 42 of the United States Code section 1983*

To the degree Plaintiff is attempting to assert a claim pursuant to section 1983 of Title 42 of the United States Code, the Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Thus, to state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). There is no allegation in the complaint before the Court that any Defendant was acting

---

[2]As an exhibit to his complaint, Plaintiff has appended a copy of IRS Form 3468 for De Lai Enterprises, Inc. The Court notes that the form appears to relate to a date from the 1970s, although the last digit of the date has been omitted.

4

under color of state law. Further, there are no facts that would support an inference of action under color of state law.

Moreover, it is established that section 1983 provides no claim against federal officers acting under color of federal law. *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995).

Plaintiff has failed to state a claim upon which relief may be granted. Additionally, amendment would be futile and, therefore, it will be recommended the allegation be dismissed without leave to amend.

### *Title 26 United States Code Section 6702*

Plaintiff references section 6702 throughout his complaint. That section provides as follows:

>   (a) Civil penalty for frivolous tax returns.--A person shall pay a penalty of $5,000 if--
>     (1) Such person files what purports to be a return of a tax imposed by this title but which--
>         (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
>         (B) contains information that on its face indicates that the self-assessment is substantially incorrect, and
>     (2) the conduct referred to in paragraph (1)--
>         (A) is based on a position which the Secretary has identified as frivolous under subsection (c), or
>         (B) reflects a desire to delay or impede the administration of Federal tax laws.
>   (b) Civil penalty for specified frivolous submissions.--
>     (1) Imposition of penalty.--Except as provided in paragraph (3), any person who submits a specified frivolous submission shall pay a penalty of $5,000.
>     (2) Specified frivolous submission.--For purposes of this section--
>         (A) Specified frivolous submission.--The term "specified frivolous submission" means a specified submission if any portion of such submission--
>             (I) is based on a position which the Secretary has identified as frivolous under subsection (c), or
>             (ii) reflects a desire to delay or impede the administration of Federal tax laws.
>         (B) Specified submission.--The term "specified submission" means–
>             (I) a request for a hearing under--
>                 (I) section 6320 (relating to notice and opportunity for hearing upon filing of notice of lien), or
>                 (II) section 6330 (relating to notice and opportunity for hearing before levy), and
>             (ii) an application under--
>                 (I) section 6159 (relating to agreements for payment of tax liability in installments),

5

>               (II) section 7122 (relating to compromises), or
>               (III) section 7811 (relating to taxpayer assistance orders).
>        (3) Opportunity to withdraw submission.--If the Secretary provides a person
>   with notice that a submission is a specified frivolous submission and such person
>   withdraws such submission within 30 days after such notice, the penalty imposed
>   under paragraph (1) shall not apply with respect to such submission.
>    (c) Listing of frivolous positions.--The Secretary shall prescribe (and periodically
>   revise) a list of positions which the Secretary has identified as being frivolous for
>   purposes of this subsection. The Secretary shall not include in such list any
>   position that the Secretary determines meets the requirement of section
>   6662(d)(2)(B)(ii)(II).
>    (d) Reduction of penalty.--The Secretary may reduce the amount of any penalty
>   imposed under this section if the Secretary determines that such reduction would
>   promote compliance with and administration of the Federal tax laws.
>    (e) Penalties in addition to other penalties.--The penalties imposed by this
>   section shall be in addition to any other penalty provided by law.

Plaintiff has failed to indicate when this penalty was assessed. His complaint makes one chronological reference to his withdrawal of the 1040 form: on August 8, 2008. (Doc. 1 at 9.) There is no way for the Court to discern whether or not a withdrawal occurred, based upon the information provided.

Nevertheless, Congress recognized a penalty assessment pursuant to section 6702 could impose financial hardship on certain taxpayers. Thus, it devised a rapid and inexpensive procedure, codified in section 6703, for challenging a section 6702 assessment. The remedies provided in section 6703 satisfy the requirements of due process. *Jolly v. United States*, 764 F.2d 642, 645-46 (9th Cir. 1985); *Boday v. United States*, 759 F.2d 1472, 1475 (9th Cir. 1985).

Here, Plaintiff cannot state a claim against the Government because he has not paid fifteen percent of the amount of the penalty assessed by the IRS nor filed a claim for refund pursuant to section 6703 of Title 26 of the United States Code. Therefore, Plaintiff has not shown that he has exhausted administrative remedies as to this claim and sovereign immunity is not waived. Jurisdiction in this Court is therefore lacking.

Therefore, since Plaintiff's assertions pursuant to section 6702 fail to state a claim upon which relief may be granted, and because amendment would be futile, it will be recommended the allegation be dismissed without leave to amend.

### *Due Process*

Notwithstanding the pleading deficiencies regarding Plaintiff's conclusory assertion of "due process violations" (Doc. 1 at 15), the United States Supreme Court has held that the Government's revenue requirements justify use of summary procedures in the collection of taxes. *Phillips v. Commissioner*, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). Following *Phillips*, the Supreme Court has consistently held that post-deprivation hearings satisfy the demands of due process, when revenue collection is at issue. *See, e.g., Bob Jones University v. Simon*, 4165 U.S. 725, 746-48, 94 S.Ct. 2038, 2050-52, 40 L.Ed.2d 496 (1974); *Fuentes v. Shevin*, 407 U.S. 67, 9-92, 92 S.Ct. 1983, 1999-2000, 32 L.Ed.2d 556 (1972). Taxpayers do not have the right to a hearing prior to collection efforts by the IRS.

Plaintiff has failed to state a claim upon which relief may be granted, and amendment would be futile. Accordingly, it will be recommended that the allegation be dismissed without leave to amend.

### *Individual Capacity & Immunity*

Plaintiff has sued employees of the IRS in their individual capacities. More particularly, he has named "Mrs. Ipson" and "Mr. M. Green," both of whom are apparently located in Ogden, Utah. (Doc. 1 at 2.)[3] Generally, sovereign immunity does not bar damage actions against federal officials in their individual capacity for a violation of an individual's constitutional rights.

---

[3]Plaintiff's caption itself appears to include a reference to *Bivens* as a defendant. Plaintiff is advised he cannot assert a claim against published case law or name the published case as a defendant in his action.

Plaintiff's caption also indicates he is bringing suit on behalf of De Lai Enterprises, a corporation he owns. Plaintiff is advised however that a "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see also Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202. Additionally, this Court's Local Rule 183(a) provides: "A corporation or other entity may appear only by an attorney."

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). However, the Ninth Circuit has not recognized a constitutional violation from the collection of taxes. *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir. 1990) (holding that a suit based on a complaint of allegedly fraudulent and intimidating conduct of individual IRS employees was foreclosed by Congress's having provided the remedy of suing the government for a refund of improperly collected taxes). Indeed, it has been held that allegations of negligent misapplication of federal law and regulations and willful disregard of law and regulations do not state a claim because the remedy provided by section 7433 for damages for unauthorized collection is the exclusive remedy for relief. *Mayben v. Barnes*, 290 F.Supp.2d 1169, 1173 (E.D. Cal. 2003).

Further, it is established that a *Bivens* claim cannot be asserted against the United States or an agency thereof. *F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Cato v. United States*, 70 F.3d 1103, 1110-11 (9th Cir.1995).

Because there is no recognized constitutional claim against federal employees or officers for a wrongful failure to refund taxes, Plaintiff has not alleged sufficient facts to show a waiver of sovereign immunity with respect to the named employees or officials. Likewise, because one cannot assert a *Bivens* claim against the United States or an agency thereof, Plaintiff has not established a waiver of sovereign immunity with respect to the United States or the Internal Revenue Service, an agency thereof.

Thus, this Court will recommend that providing Plaintiff with an opportunity to amend his complaint in this regard would be futile because of the lack of a viable legal theory to support the alleged claim against any defendant.

The Court also concludes that there would be qualified immunity for any individual officers because any officers' conduct would not violate a clearly established statutory or constitutional right which a reasonable person would know; this would be the case even if the agents had violated IRS administrative or statutory provisions. *See Wages v. United States*, 915

F.2d at 1235; *Mayben v. Barnes*, 290 F.Supp.2d at 1173; *Short v. Richardson*, 1995 WL 810023, *4-5 (E.D. Wash. Nov. 21, 1995).

### *Statute of Limitations*

Apparently anticipating issues of timeliness, Plaintiff refers to Title 26 of the United States Code section 6511(h) in his complaint and indicates that it provides for a suspension of the applicable period of limitations where an "individual is financially disable[d] by reason of medically physically in PRISON." (Doc. 1 at 4.) Plaintiff seems to indicate that because he has been incarcerated since 1987 following a sentence of "life and 365 years" (Doc. 1 at 5), any applicable statute of limitations period would have been suspended.

Title 26 of the United States Code section 6511 provides, in pertinent part:

> (h) Running of periods of limitation suspended while taxpayer is unable to manage financial affairs due to disability.--
> (1) In general.--In the case of an individual, the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled.
> (2) Financially disabled.--
> (A) In general.--For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.
> (B) Exception where individual has guardian, etc.--An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters.

Contrary to Plaintiff's assertion, the fact of his incarceration alone is not "a medically determinable physical or mental impairment." The Internal Revenue Service has promulgated procedures for establishing financial disability. "Rev. Proc. 99-21 sets forth in detail the 'form and manner' in which proof of financial disability must be provided." *Bova v. United States*, 80 Fed. Cl. 449, 455 (Fed.Cl. 2008). According to the revenue procedure, the taxpayer must submit:

> (1) a written statement by a physician (as defined in § 1861(r)(1) of the Social Security Act, 42 U.S.C. § 1395x(r)), qualified to make the determination, that sets forth: (a) the name and a description of the taxpayer's physical or mental impairment; (b) the physician's medical opinion that the physical or mental

9

> impairment prevented the taxpayer from managing the taxpayer's financial affairs;
> (c) the physician's medical opinion that the physical or mental impairment was or
> can be expected to result in death, or that it has lasted (or can be expected to last)
> for a continuous period of not less than 12 months; (d) to the best of the
> physician's knowledge, the specific time period during which the taxpayer was
> prevented by such physical or mental impairment from managing the taxpayer's
> financial affairs; and (e) the following certification, signed by the physician: I
> hereby certify that, to the best of my knowledge and belief, the above
> representations are true, correct, and complete.

Rev. Proc. 99-21. Plaintiff has failed to allege that he ever complied with Rev. Pro. 99-21, or that he suffered from any physical or mental disability that would allow him to do so. Plaintiff alleges only that the fact of his incarceration should allow him to take advantage of Title 26 of the United States Code section 6511(h). Congress has not authorized the courts to extend tolling provisions for that circumstance. *See Webb v. United States*, 66 F.3d 691, 701 (4th Cir.1995). By passing section 6511(h),

> Congress provided for one specific set of circumstances that would toll the statute
> of limitations. Congress considered the issue and chose to create this-and only
> this-exception. Congress could have used more general language, but it chose not
> to. By using technical language and listing specific exceptions-such as one
> contained in § 6511(h)-Congress precluded the existence of unenumerated
> equitable exceptions.

*Katz v. United States*, No. 04-1790T, 2006 WL 2418837, at *4 (Fed.Cl. July 25, 2006). This Court simply lacks the authority to extend section 6511(h)'s protection to Plaintiff's situation. *Id*.

Even had Plaintiff exhausted his administrative remedies regarding his claim for a violation of section 6702, a claim that may have otherwise been timely, any other claims he may have attempted to assert related to "set-offs" or "credit carry overs" dating back to the 1980's are not timely. Furthermore, that untimeliness cannot be overcome by virtue of his incarceration alone.

### *Punitive Damages*

Plaintiff's prayer for relief includes a request for "RELATED" punitive damages and stress . . .." (Doc. 1 at 20.) Plaintiff is advised this Court does not have jurisdiction over such a

10

claim. Congress has expressly declined to waive sovereign immunity for punitive damages. *See* 28 U.S.C. § 2674 (barring recovery of punitive damages from the government).

### *Summary Judgment*

Plaintiff includes a heading entitled "Summary Judgement" at page twenty-one of his complaint. (*See also* Doc. 1 at 6 [passing reference to summary judgment].) Plaintiff is advised a party seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure must comply with the requirements therein. Additionally, any party seeking summary judgment must also follow Local Rule 260. Plaintiff makes no effort to comply with either rule. Moreover, no party has been served with the instant complaint, thus, the "motion" - even were it in compliance - cannot be challenged by those against whom it seeks relief.

### **CONCLUSION**

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be DISMISSED WITHOUT LEAVE TO AMEND; and
2. The motion for summary judgment, notwithstanding its obvious procedural deficiencies, be DENIED.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 of the United States Code section 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **March 10, 2010**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE

11